UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JEFFREY A. WILKINS
a/k/a JEFFERY A. WILKINS and
KAREN Y. WILKINS,

        Plaintiffs,

v.                                            Civil No. 2:15cv566

UNITED STATES OF AMERICA,
through the SECRETARY OF VETERANS AFFAIRS,
WELLS FARGO BANK, N.A., and
SAMUEL I. WHITE, P.C.,

        Defendants.

## MEMORANDUM ORDER

This matter comes before the Court on Defendants' Wells Fargo Bank, N.A. ("Wells Fargo") and Samuel I. White, P.C. ("White," and collectively "Defendants")[1] Motion to Dismiss Plaintiffs' Complaint. ECF No. 3. Plaintiffs, "Jeffrey A. Wilkins a/k/a Jeffery A. Wilkins and Karen Y. Wilkins" (collectively, "Plaintiffs" or "the Wilkinses") initiated the present action against Defendants, alleging breach of contract and breach of an implied covenant of good faith and fair dealing claims related to foreclosure of their home. Plaintiffs seek rescission of the foreclosure and an award of compensatory

---

[1] On April 21, 2016, the parties filed a Joint Stipulation of Dismissal without Prejudice with respect to Defendant United States of America, through the Secretary of Veterans Affairs ("VA"). ECF No. 16. Thus, as Defendant VA has been dismissed from this matter, Wells Fargo and White are the only Defendants remaining.

damages. Compl., ECF No. 1. Having been fully briefed, this matter is ripe for review.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The present claims arise from a mortgage loan, completed on March 8, 2006 between American Home Mortgage and the Wilkinses, for purchase of a home in Chesapeake, Virginia. Compl. ¶ 8. The loan was evidenced by a promissory note and secured by a Deed of Trust. Id. The note was later assigned to Wells Fargo, and Wells Fargo appointed White as trustee of the Wilkinses' Deed of Trust. Id. ¶¶ 10, 12. The Deed of Trust authorizes Wells Fargo to invoke the power of sale (foreclosure), after complying with certain requirements, if the Wilkinses breach the agreement. Id. ¶ 16; Id., Ex. A, Deed of Trust ¶ 22, ECF No. 1-1 [hereinafter "Deed of Trust"]. The Deed of Trust also states that such sale must comply with "applicable law"—that is, "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Id. ¶ 18; Deed of Trust ¶ (J), 22.

At some point, the Wilkinses fell behind on their loan payments. Id. ¶ 11. In 2014, the Wilkinses applied to Wells Fargo for a loan modification. Id. ¶ 20. The Wilkinses allege that they did not receive any written denial of their loan

2

modification application. Id. ¶ 26. Instead, Wells Fargo instructed White to foreclose on the Wilkinses' home without responding to the loan modification application. Id. ¶¶ 14, 21. White advertised the foreclosure sale and, on November 4, 2014, White conducted the foreclosure sale. Id. ¶¶ 25, 27. At the foreclosure sale, Wells Fargo was the highest bidder. Id. ¶ 27. Wells Fargo's purchase was backed by, and ultimately assigned to, the United States through the Secretary of Veterans Affairs ("the VA"). Id. ¶ 30. On August 27, 2015, the VA then filed an unlawful detainer action against the Wilkinses in the General District Court of the City of Chesapeake, Virginia. Id. ¶ 40. On October 30, 2015, the General District Court awarded possession of the home to the VA. Id. ¶ 41. The Wilkinses appealed such decision to the Circuit Court of the City of Chesapeake, and such appeal remains pending. Id.

Based on the foregoing, the Wilkinses filed their Complaint on December 31, 2015. ECF No. 1. In their Complaint, the Wilkinses assert a breach of contract claim, arguing that Defendants' foreclosure action violated "applicable law"—namely, a Consent Order, entered in case AA-EC-11-19, by the United States Department of the Treasury Comptroller of the Currency against Wells Fargo—because Defendants foreclosed on the Wilkinses' residence without responding in writing to the Wilkinses' loan modification application. Id. ¶ 28; Id., Ex. B,

3

Consent Order, ECF No. 1-2 [hereinafter "Consent Order"]. The Wilkinses also assert that the foreclosure breached the covenant of good faith and fair dealing contained in the note and Deed of Trust. Id. ¶ 49. As a result of Defendants' actions, the Wilkinses allege, they sustained damages. Id. ¶¶ 38, 43, 50. The Wilkinses seek rescission of the foreclosure and return of the title to the home, compensatory damages, as well as pre- and post-judgment interest. On February 5, 2016, Defendants filed their Motion to Dismiss Plaintiffs' Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 3. On February 26, 2016, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss. ECF No. 11. Finally, on March 3, 2016, Defendants filed their Rebuttal Memorandum in Support of their Motion to Dismiss. ECF No. 12.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss may be granted when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Though a complaint need not be detailed, "[f]actual allegations must be enough to raise a

right to relief above the speculative level." Twombly, 550 U.S. at 555; see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A motion to dismiss tests the sufficiency of a complaint without resolving factual disputes, and a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)). Although the truth of the facts alleged is presumed, district courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

### III. DISCUSSION

Defendants assert that Plaintiffs have failed to plead a claim for breach of contract or a claim for breach of an implied covenant of good faith and fair dealing under Virginia law.[2]

---

[2] Since matters of contract are predominantly issues of state law, and the parties do not dispute that Virginia law is controlling in this matter, the Court applies Virginia law in its analysis of Plaintiffs' contract claims. See Felder v. Casey, 487 U.S. 131, 151, (1988) ("Under Erie R. Co. v. Tompkins, 304 U.S. 64 (1938), when a federal court exercises diversity or pendent jurisdiction over state-law claims, 'the outcome of the litigation in the federal court should be

5

First, Defendants assert that the Consent Order is not "applicable law." Thus, Defendants argue, a purported violation of the Consent Order is not a breach of the Deed of Trust. Second, Defendants assert that, even if the Consent Order is "applicable law," Plaintiffs have failed to plead a breach of contract related to the Consent Order against Defendants. Third, Defendants assert that Plaintiffs have failed to plead a claim for breach of an implied covenant of good faith and fair dealing against Defendants. Finally, Defendants argue that Plaintiffs' request for compensatory damages should be stricken.[3] The Court will address each argument in turn.

---

substantially the same . . . as it would be if tried in a State court.'" (quoting Guaranty Trust Co. v. York, 326 U.S. 99, 109 (1945))).

[3] Defendants also argue that Plaintiffs lack standing to enforce the Consent Order against Wells Fargo because Plaintiffs are not intentional third-party beneficiaries to the Consent Order. Plaintiffs do not dispute that they are not intentional beneficiaries to the Consent Order. Mem. in Opp'n to Mot. to Dismiss at 7. As Plaintiffs are not intentional beneficiaries to the Consent Order, they may not assert a private cause of action against Wells Fargo based on breach of the Consent Order. See Rehbein v. CitiMortgage, Inc., 937 F. Supp. 2d 753, 762 (E.D. Va. 2013) (dismissing a claim to enforce the National Mortgage Settlement Consent Judgment because the plaintiff was merely an incidental beneficiary to the Consent Judgment and had no right to bring a third-party suit to enforce the Consent Judgment). Instead, Plaintiffs argue that "compliance with the Consent Order is required under the 'applicable law' provision of the [D]eed of [T]rust." Mem. in Opp'n to Mot. to Dismiss at 7. As Plaintiffs seek to advance only state law contract claims, and Plaintiffs' inability to enforce a violation of the Consent Order against Wells Fargo is undisputed, the Court need not address such matter further.

## A. Consent Order

The Consent Order at issue in this matter is the result of an examination, conducted by the Office of the Comptroller of the Currency of the United States ("the OCC"), of the residential real estate mortgage foreclosure processes at Wells Fargo. Consent Order at 1. During its examination, the OCC identified certain deficiencies in Wells Fargo's residential mortgage servicing practices. Id. After being notified of such deficiencies, Wells Fargo executed a "Stipulation and Consent to the Issuance of a Consent Order," on April 13, 2011, in which it agreed to undertake a variety of steps, detailed in the Consent Order, to remedy the deficiencies identified by the OCC. Id. at 102. One such step was the requirement to submit a plan regarding loss mitigation or loan modification and foreclosure. Id. at 19. Such plan was required to include "procedures and controls to ensure that a final decision regarding a borrower's loan modification request . . . is made and communicated to the borrower in writing . . . within a reasonable period of time before any foreclosure sale occurs." Id. at 21. As noted above, Plaintiffs contend that the Deed of Trust's "applicable law" provision incorporated, as a term of the parties' agreement, such requirements within the Consent Order. In response, Defendants argue that the Consent Order is not

"applicable law" because it was entered after the Deed of Trust was executed.

Plaintiffs have not sufficiently pled that the Consent Order is "applicable law." "A deed of trust is construed as a contract under Virginia law," and such contract "'is construed as written without adding terms that were not included by the parties.'" Mathews v. PHH Mortg. Corp., 283 Va. 723, 733 (2012) (quoting Uniwest Constr., Inc. v. Amtech Elevator Servs., 280 Va. 428, 440 (2010)); see Squire v. Va. Hous. Dev. Auth., 287 Va. 507, 515 (2014). Thus, whether the Deed of Trust incorporates the Consent Order as "applicable law" is a matter of contract interpretation. "'Most courts construe narrowly the phrase 'all applicable law' (or similar language) in a contract.'" Townsend v. Fed. Nat. Mortg. Ass'n, 923 F. Supp. 2d 828, 841 (W.D. Va. 2013) (quoting Condel v. Bank of America, N.A., No. 3:12cv212, 2012 WL 2673167, at *8 (E.D. Va. 2012)); see Simon v. PNC Bank, Nat. Ass'n., No. 2:14cv523, 2015 WL 1802659, at *6 (E.D. Va. Apr. 16, 2015) (same). "The term 'applicable law' refers to the then-existing body of law that applies directly to the contract in question," and it does not "incorporate laws which [were] not already applicable (even if otherwise relevant) to the parties of their agreement" at the time they entered into the contract. Condel, 2012 WL 2673167, at *8; accord Townsend, 923 F. Supp. 2d at 841; Rehbein v.

8

CitiMortgage, Inc., 937 F. Supp. 2d 753, 764 (E.D. Va. 2013). "General precepts of contract law direct that, absent clear language to the contrary, courts should not interpret contracts to incorporate <u>future</u> changes to the law." Condel, 2012 WL 2673167, at *8 (citing Energy Reserves Grp., Inc. v. Kan. Power & Light Co., 459 U.S. 400, 405 (1983)). Instead, "contracts are generally understood to incorporate only those laws which exist at the time of formation." <u>Id.</u> (citing Gazale v. Gazale, 219 Va. 775, 777 (1979)).

Here, the Deed of Trust was executed on March 8, 2006. The Consent Order, which Plaintiffs assert precluded Wells Fargo from foreclosing on their home while their loan modification application was pending, was entered on April 13, 2011—more than five years after the Deed of Trust was executed. The plain meaning of the term "applicable law" <u>does not</u> evidence intent by the parties in this matter to be bound by such Consent Order, or "future changes to the law," and this Court will not infer such intent. Therefore, the Consent Order's provisions are not incorporated into the "applicable law" provision of the Deed of Trust and Plaintiffs cannot rely on Defendants' purported violation of the Consent Order as grounds for breach of contract. <u>See also</u> Simon, 2015 WL 1802659, at *7 (addressing an identical issue of law and granting a similar motion to dismiss,

determining that the Consent Order's "provisions [were] outside the language of the Deed").

### B. Breach of Contract

Alternatively, even if the Consent Order was "applicable law," Plaintiffs have not pled sufficient facts to make out a breach of contract claim under Virginia law. To state a claim for breach of contract under Virginia law, a plaintiff must plausibly allege: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 267 Va. 612, 619 (2004). Based upon the facts presented in their Complaint, Plaintiffs have not sufficiently pled that Defendants had a "legally enforceable obligation" to respond to their loan modification application prior to foreclosure.

Plaintiffs allege that:

> In acting through White to conduct the purported foreclosure auction, Wells Fargo breached the 'applicable law' provision of the deed of trust as recited herein above in this complaint because Wells Fargo did not comply with [the Consent Order] because Wells Fargo did not sen[d] any written denial of the Wilkinses' loan modification application prior to the November 4, 2014 foreclosure.

Compl. ¶ 28. Although the truth of Plaintiffs' allegations is presumed, the Court need not accept Plaintiffs' "unwarranted inferences, unreasonable conclusions, or arguments." Contrary

10

to Plaintiffs' allegation, the Consent Order does not require Wells Fargo to respond to Plaintiffs' loan modification application in writing, or to send them a written denial of their application, prior to foreclosure. Instead, the Consent Order requires Wells Fargo <u>to submit</u> a variety of plans, programs, policies, and procedures, to adopt and comply with said plans, programs, policies, and procedures, and to make any revisions requested by the OCC. Consent Order at 23; <u>see</u> <u>Simon</u>, 2015 WL 1802659, at *7 (addressing a similar Consent Order and finding that "[t]he Order simply requires the Defendants to submit a proposal for handling pre-foreclosure activities"). The terms of the Consent Order do not impose on Wells Fargo an obligation to Plaintiffs, but an obligation to submit the required proposals and plans to the OCC and to implement the plans of which the OCC approves. Therefore, Plaintiffs have failed to plead a breach of contract claim and Defendants' Motion to Dismiss is **GRANTED** with respect to Count One.

C. Breach of Implied Covenant of Good Faith and Fair Dealing

Finally, Plaintiffs have not pled sufficient facts to make out a claim for breach of the implied covenant of good faith and fair dealing under Virginia law. "Contracts governed by Virginia law, including those governing mortgages such as a deed of trust, contain an implied covenant of good faith and fair dealing." <u>Cagle v. CitiMortgage, Inc.</u>, No. 3:13cv807, 2015 WL

11

2063990, at *8 (E.D. Va. May 1, 2015)(citing <u>Va. Vermiculite, Ltd. v. W.R. Grace & Co.</u>, 156 F.3d 535, 541-42 (4th Cir. 1998)). The duty of good faith precludes the "exercise [of] contractual <u>discretion</u> in bad faith," but it "does not prevent a party from exercising its explicit contractual <u>rights</u>." <u>Va. Vermiculite, Ltd.</u>, 156 F.3d at 542. Such an implied covenant "cannot be used to override or modify explicit contractual terms." <u>Riggs Nat'l Bank v. Linch</u>, 36 F.3d 370, 373 (4th Cir. 1994). Further, "such a covenant cannot be the vehicle for rewriting an unambiguous contract in order to create duties that do not otherwise exist." <u>Ward's Equip., Inc. v. New Holland N. Am., Inc.</u>, 254 Va. 379, 385 (1997).

Plaintiffs have not sufficiently alleged that Defendants violated an implied covenant of good faith and fair dealing. As Defendants convincingly argue, Wells Fargo and White had the contractual right, under the terms of the Deed of Trust, to engage in the actions alleged in the Complaint regarding foreclosure. Further, Plaintiffs have not alleged that any provision in the note or Deed of Trust required Wells Fargo to <u>consider</u> Plaintiffs' loan modification application, much less respond to such application before foreclosure. <u>Cagle</u>, 2015 WL 2063990, at *8 ("Duties under [the implied covenant of good faith and fair dealing] do not extend 'to the review and processing of loan modifications, absent an express provision

12

indicating otherwise." (quoting <u>Bourdelais v. JPMorgan Chase Bank, N.A.</u>, No. 3:10cv670, 2012 WL 5404084, at *5 (E.D. Va. Nov. 5, 2012))). Therefore, Plaintiffs have failed to allege sufficient facts to make out a claim for breach of the implied duty of good faith and fair dealing and Defendants' Motion to Dismiss is **GRANTED** with respect to Count Two.[4]

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiffs' Complaint, ECF No. 3, and Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE** to Plaintiffs' right to file a formal motion seeking leave to file an amended complaint.[5] If Plaintiffs elect to file a motion to

---

[4] As the Court has determined that Plaintiffs' Complaint should be dismissed in its entirety, it need not address Plaintiffs' request for compensatory damages.

[5] The Federal Rules of Civil Procedure provide that district courts should allow amendment "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court "should only deny leave to amend a pleading 'when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" <u>Norfolk & Portsmouth Belt Line R. Co. v. M/V MARLIN</u>, No. 2:08cv134, 2009 WL 1974298, at *1 (E.D. Va. Apr. 3, 2009) (quoting <u>Laber v. Harvey</u>, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)). An amendment is considered futile if "the amended complaint could not survive a Rule 12(b)(6) motion by the party opposing the amendment." <u>Id.</u> at *2 (citing <u>United States ex rel. Wilson v. Kellogg Brown & Root, Inc.</u>, 525 F.3d 370, 376 (4th Cir. 2008)). Here, Plaintiffs' Memorandum in Opposition to the Motion to Dismiss requests leave to amend the Complaint in the event that the Court grants Defendants' Motion, ECF No. 11, but Plaintiffs have not submitted a <u>motion</u> requesting leave to amend. Plaintiffs also have not submitted a copy of a proposed amended complaint, thus inhibiting Defendants' ability to test the merits of Plaintiffs' informal request for leave to amend.

amend, it shall be filed no later than twenty-one (21) days after the entry of this Memorandum Order, and should be accompanied by a supporting brief, which includes as an exhibit Plaintiffs' proposed amended complaint. If Plaintiffs elect not to pursue amendment within this time period, the dismissal of Plaintiffs' Complaint shall become a dismissal with prejudice.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record.

IT IS SO ORDERED.

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 9, 2016