UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JEFFREY A. WILKINS
a/k/a JEFFERY A. WILKINS and
KAREN Y. WILKINS,

        Plaintiffs,

v.                              Civil No. 2:15cv566

WELLS FARGO BANK, N.A., and
SAMUEL I. WHITE, P.C.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Samuel I. White, P.C. ("White," and collectively with Wells Fargo, "Defendants"). ECF No. 25. Plaintiffs, Jeffrey A. Wilkins and Karen Y. Wilkins (collectively, "Plaintiffs" or "the Wilkinses") allege in their Amended Complaint that Defendants breached a contract by improperly foreclosing on Plaintiffs' home. Plaintiffs seek rescission of the foreclosure sale and compensatory damages. Am. Compl., ECF No. 32.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant claim arises from a mortgage loan, completed on March 8, 2006 between American Home Mortgage and the Wilkinses, for purchase of a home in Chesapeake, Virginia. Am. Compl. ¶ 7.

The loan was evidenced by a promissory note and secured by a Deed of Trust.  Id.  A VA Guaranteed Loan and Assumption Policy Rider ("VA Rider") was attached to the Deed of Trust.  Ex. A, VA Rider 1, ECF No. 1-1.  The note was later assigned to Wells Fargo.  Am. Compl. ¶ 9.  Wells Fargo appointed White as substitute trustee of the Deed of Trust, replacing original trustees Douglas Huston and Gary Zell.  Id. ¶ 13; Ex. A, Deed of Trust ¶ D, ECF No. 1-1.  The Deed of Trust authorized Wells Fargo to invoke the power of sale provision (foreclosure) in the Deed of Trust, after complying with certain requirements, if the Wilkinses breached the loan repayment terms.  Am. Compl. ¶ 13, Ex. A, Deed of Trust ¶ 22.

In 2014, after falling behind on payments, the Wilkinses applied to Wells Fargo for a loan modification.  Am. Compl. ¶ 18.  The Wilkinses allege that they never received a written denial of their loan modification application.  Id. ¶ 24. Instead, Wells Fargo proceeded with dual track foreclosure by instructing White to foreclose on the Wilkinses' home while the Wilkinses' loan modification application was still pending.[1]  Id. ¶¶ 14, 22.  White advertised the foreclosure sale and, on November 4, 2014, White conducted the foreclosure sale.  Id.

---

[1] Dual tracking occurs "when the servicer moves forward with foreclosure while simultaneously working with the borrower to avoid foreclosure."  See Consumer Financial Protection Bureau, CFPB Rules Establish Strong Protections For Homeowners Facing Foreclosure 2 (Jan. 17, 2013), http://files.consumerfinance.gov/f/201301_cfpb_servicing-fact-sheet.pdf.

¶¶ 23, 25. At the foreclosure sale, Wells Fargo was the highest bidder. Id. ¶ 25. Wells Fargo's purchase was backed by, and ultimately assigned to, the United States through the Secretary of Veterans Affairs ("the VA").[2] Id. ¶ 28. Both the VA and Wells Fargo then initiated eviction proceedings against the Wilkinses in the General District Court of the City of Chesapeake, Virginia. Id. ¶ 35.

The Wilkinses filed a Complaint in this Court on December 31, 2015, alleging a breach of the Deed of Trust "Applicable Law" Provision and a breach of the implied covenant of good faith and fair dealing. ECF No. 1. On February 5, 2016, Defendants filed a Motion to Dismiss Plaintiffs' Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 3. On May 9, 2016, this Court granted Defendants' Motion to Dismiss without prejudice to Plaintiffs' right to file a motion seeking leave to file an amended complaint. ECF No. 17. Plaintiffs filed an Amended Complaint on June 6, 2016, alleging a single breach of contract claim based upon language within the VA Rider to the Deed of Trust. ECF No. 32. On June 29, 2016, Defendants filed a second Rule 12(b)(6) Motion to Dismiss, with a supporting memorandum, which is now before the Court. ECF

---

[2] On April 21, 2016, the parties filed a Joint Stipulation of Dismissal without Prejudice with respect to Defendant United States of America, through the Secretary of Veterans Affairs ("VA"). ECF No. 16. As Defendant VA has been dismissed from this matter, Wells Fargo and White are the only Defendants remaining.

Nos. 25-26.  Plaintiff responded with a Memorandum in Opposition on July 13, 2016, ECF No. 27, and Defendants filed a Rebuttal Brief and a Request for Hearing on July 18, 2016, ECF Nos. 28-29.  Having been fully briefed, this matter is ripe for review.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss may be granted when a complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint fails to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Though a complaint need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555; see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A motion to dismiss tests the sufficiency of a complaint without resolving factual disputes, and a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'"  Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)).  Although the truth of the facts alleged is presumed,

4

district courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

## III. DISCUSSION

Defendants assert that Plaintiffs have failed to plead a claim for breach of contract under Virginia law[3] because: (1) Plaintiffs do not have a legal cause of action; (2) alternatively, the regulation in question was not in effect on the date that the Deed of Trust was signed and therefore is inapplicable; (3) Plaintiffs failed to sufficiently allege that Defendants violated accepted industry standards; and (4) Plaintiffs failed to state a claim that justifies rescission of the foreclosure sale as the remedy. Additionally, Defendants argue that Plaintiffs are not entitled to a jury trial. The Court will address each argument in turn.

### A. Cause of Action

Defendants argue that Plaintiffs fail to state a claim

---

[3] A federal court exercising diversity jurisdiction applies the substantive law of the forum state. Hanna v. Plumer, 380 U.S. 460, 465 (1965). As Virginia is the forum state, the Court applies Virginia contract law in its analysis.

because Plaintiffs lack standing.[4]   According to Defendants, Plaintiffs have no private cause of action under Title 38 of the United States Code, which governs veterans' benefits ("VA Act").[5] Plaintiffs maintain that, while they may not <u>directly assert</u> a cause of action because no private cause of action exists within the statute, they do have a breach of contract claim because the Deed of Trust incorporated the VA Act regulations as <u>terms</u> of the contract between Plaintiffs and Defendants.   See <u>Ranson v. Bank of Am., N.A.</u>, No. CIV.A. 3:12-5616, 2013 WL 1077093, at *4 (S.D.W. Va. Mar. 14, 2013) ("An action based on a contract involves a much different legal theory than one based solely on enforcement of a regulation apart from a contractual duty."). Defendants argue that Plaintiffs' claim for breach of contract based upon the incorporation of the VA Act regulations into the contract is merely Plaintiffs' "attempt to disguise their claim" under the VA Act.   Defs.' Mem. in Supp. 6, ECF No. 26.   The Court understands Defendants to argue that parties may not

---

[4] While Defendants style their first argument as a standing argument, a closer evaluation of the argument reveals that it is really an argument that Plaintiffs have not appropriately pled a legal cause of action.   This cause of action question precedes even an evaluation of standing.   <u>Nat'l R. R. Passenger Corp. v. Nat'l Ass'n of R. R. Passengers</u>, 414 U.S. 453, 456 (1974). The issues of standing and jurisdiction become immaterial if no cause of action exists.   <u>Id.</u> at 471 n.13.

[5] Both parties agree that Plaintiffs do not have a private cause of action under the VA Act.   Only Congress, not the courts, may create a private cause of action under a federal law.   <u>Alexander v. Sandoval</u>, 532 U.S. 275, 286 (2001) (citing <u>Touche Ross & Co. v. Redington</u>, 442 U.S. 560, 578 (1979)). The VA Act did not create a private cause of action under federal law to help a veteran borrower avoid foreclosure.   See <u>Rank v. Nimmo</u>, 677 F.2d 692, 697 (9th Cir. 1982); <u>Simpson v. Cleland</u>, 640 F.2d 1354, 1358 (D.C. Cir. 1981).

incorporate duties imposed by statute into a private contract when the statute does not provide a private cause of action. Defendants' position is inconsistent with Virginia contract law.

A Deed of Trust is a contract, Mathews v. PHH Mortg. Corp., 283 Va. 723, 733, 724 S.E.2d 196, 200 (2012), and Virginia law allows contracting parties to incorporate external documents, that contain rights and responsibilities, as terms of their contract, see High Knob Assocs. v. Douglas, 249 Va. 478, 488, 457 S.E.2d 349, 354 (1995) (holding that incorporation of outside documents may be valid even without specific words of incorporation). Under Virginia contract law, parties may agree to a wide array of rights and responsibilities as between the parties, and courts must "enforce the contract . . . as written, . . . unless the contract is repugnant to some rule of law or public policy." D.C. McClain, Inc. v. Arlington Cty., 249 Va. 131, 135, 452 S.E.2d 659, 662 (1995); First Am. Title Ins. Co. v. First All. Title, Inc., 718 F. Supp. 2d 669, 674 (E.D. Va. 2010) ("The law regards the sanctity of contracts and requires the parties to do what they have agreed to do." (quoting Samuel H. Cottrell & Son v. Smokeless Fuel Co., 148 F. 594, 597 (4th Cir. 1906))). In construing contract terms, "[n]o word or clause in the contract will be treated as meaningless if a reasonable meaning can be given to it, and there is a

7

presumption that the parties have not used words needlessly."
D.C. McClain, 249 Va. at 135-36, 452 S.E.2d at 662.

Applying principles of contract interpretation, Virginia
has long recognized that rights and responsibilities embodied in
a regulation may be incorporated and made terms of a deed of
trust by reference.  For example, in Gloucester Realty Corp. v.
Guthrie, the parties referenced "Code, sec. 5167" in a deed of
trust.   182 Va. 869, 871, 30 S.E.2d 686, 687 (1944).   When
default occurred, the land was sold pursuant to the deed of
trust.   After a legal action was brought challenging the sale,
the Supreme Court of Virginia held that "Code, sec. 5167, as it
existed in 1926, was expressly referred to, incorporated in and
made a part of the deed of trust.  Its provisions thereby became
a material portion of the contract between the parties."   Id.
The court recognized that parties may incorporate statutes into
contracts, explaining that the parties agreed to a contract term
"by adopting in the deed the [code] . . . as it stood in 1926."
Id. at 875, 30 S.E.2d at 689.

Recent Virginia cases have continued to recognize that
parties may incorporate the rights and responsibilities stated
in a regulatory provision as terms in a deed of trust, even when
the regulation itself does not provide a private cause of
action.   Squire v. Va. Hous. Dev. Auth., 287 Va. 507, 516-17,
758 S.E.2d 55, 60 (2014) (holding that "the deed of trust

8

incorporated certain regulations of the United States Department of Housing and Urban Development ("HUD"), and mandated that foreclosure was not permitted where it violated such HUD regulations" despite the regulation itself not providing a private cause of action); Mathews, 283 Va. at 736, 724 S.E.2d at 202 (holding that HUD regulations were incorporated into a deed of trust "as conditions precedent to acceleration and foreclosure," thereby rejecting defendant's argument that borrower could not sue to enforce a HUD regulation because it conferred no private right of action); see also Parrish v. Fed. Nat'l Mortgage Ass'n, 292 Va. 44, 787 S.E.2d 116, 123 (2016) (accepting for the purpose of determining jurisdiction plaintiffs' allegation that their deed of trust incorporated a regulation as a condition precedent to foreclosure);[6] cf. Lubitz v. Wells Fargo Bank, N.A., 85 Va. Cir. 379, 379 (2012) (Virginia Beach) (holding that the phrase "Applicable Law" did not incorporate specific statutory regulations into a deed of trust because the phrase was too general to create a cause of action and because the statute sued upon was not enacted at the time that the deed of trust was signed). Thus, through

---

[6] Defendants argue that Parrish is inapplicable because it was a challenge based upon Regulation X, 12 C.F.R. § 1024.41(g), which provides a private cause of action for borrowers, 12 C.F.R. § 1024.41(a). Defs.' Rebuttal Mem. in Supp. 3, ECF No. 28. However, the fact that the statute provides a private cause of action does not prevent parties from also incorporating the regulation as a term of the contract. Parrish, 292 Va. at 44, 787 S.E.2d at 119 ("The Parrishes responded by alleging that the foreclosure was invalid because their deed of trust incorporated 12 C.F.R. § 1024.41(g)").

incorporation, a plaintiff may enforce a regulation's rights and responsibilities against the other party to the contract even when the regulation does not create a private cause of action. Squire, 287 Va. at 524, 758 S.E.2d at 64 (Kinser, J., concurring in part and dissenting in part) (explaining that Virginia has adopted the minority approach which allows for private enforcement of federal regulations through incorporation into contracts even when the statute does not provide a private cause of action).

Here, the VA Rider attached to the Deed of Trust clearly indicates the intention of the parties to incorporate Title 38 and associated regulatory provisions into the contract:

> Title 38, United States Code, . . . and Regulations issued thereunder and in effect on the date hereof shall govern the rights, duties and liabilities of Borrower and Lender. . . . [T]he provision for payment of any sum in connection with prepayment of the secured indebtedness and the provision that the lender may accelerate payment of the secured indebtedness pursuant to Covenant 18 of the Security Instrument, are hereby amended or negated to the extent necessary to conform such instruments to said Title or Regulations.

Ex. A, VA Rider 1 (emphasis added). The language used in the VA Rider specifically dictates that the regulations promulgated under Title 38 govern the rights and responsibilities of the parties, thereby incorporating the Title 38 regulatory provisions into the contract between Plaintiffs and Defendants. Moreover, the VA Rider states that any part of the agreement

10

that is not in accordance with Title 38 and associated regulations is "amended or negated," unequivocally indicating the parties' intent that Title 38 and regulations issued thereunder are not only incorporated into the contract but actually control interpretation of the contract. As the parties agreed to incorporate a regulation into their contract as a term of the contract, just as the parties did in Guthrie, the Plaintiffs have a legal cause of action accruing in contract. Guthrie, 182 Va. at 875, 30 S.E.2d at 689; see also Parrish, 292 Va. at 44, 787 S.E.2d at 123; Squire, 287 Va. at 516–17, 758 S.E.2d at 60; Mathews, 283 Va. at 734, 724 S.E.2d at 201.

### B. Regulation Effective on Deed of Trust Date

Next, Defendants argue that the regulation upon which Plaintiffs rest their argument did not exist at the time that the Deed of Trust was signed. By its terms, the VA Rider incorporates Title 38 and regulations issued thereunder that were "in effect on the date hereof." VA Rider 1. The Plaintiffs' Amended Complaint references 38 C.F.R 36.3450,[7] with the alleged regulatory text as:

> (a) Establishment of loan servicing program: The holder of a loan guaranteed or insured by the Secretary shall develop and maintain a loan servicing program which follows accepted industry standards for servicing of similar type conventional loans.

---

[7] Plaintiffs cite to "Title 39" in their Amended Complaint at paragraph 10. This is assumed to be a typographical error, as the VA Rider refers to Title 38.

Am. Compl. ¶ 11. Defendants correctly state that this provision did not exist under this numeric reference in 2006. However, regulatory language identical to that claimed by Plaintiffs was in effect when the Deed of Trust was signed in 38 C.F.R. § 36.4346 (2005). Despite Plaintiffs' having made a typographical error when citing the regulation number in the Amended Complaint, Plaintiffs specifically allege the applicable regulatory language requiring establishment of a loan servicing program according to industry standards and such regulatory language was in effect at the time that Defendants signed the contract. Therefore, Plaintiffs have sufficiently alleged the regulatory language incorporated into the contract.

### C. Accepted Industry Practice

Defendants argue that even if the Deed of Trust incorporated the regulatory requirement of a loan servicing program in accordance with accepted industry standards, Plaintiffs do not sufficiently allege how Defendants' actions breached this requirement. Further, Defendants argue that Defendants' alleged actions were accepted industry practice, and thus did not breach the contract. Defs.' Mem. in Supp. 7.

To state a claim for breach of contract under Virginia law, a plaintiff must plausibly allege: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage

12

to the plaintiff caused by the breach of obligation." <u>Filak v.</u>
<u>George</u>, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004).  In the
Amended Complaint, Plaintiffs allege the following: (1) that
Defendants had a legal obligation pursuant to the Deed of Trust
to create a loan servicing program in accordance with accepted
industry standards, Am. Compl. ¶¶ 10-11, (2) that accepted
industry standards prevented dual track home loan foreclosure,
<u>id.</u> ¶ 19, (3) that Defendants engaged in dual tracking by
foreclosing on Plaintiffs' home while a home loan modification
was pending, <u>id.</u> ¶¶ 18, 20, 25, and (4) that Plaintiffs suffered
harm by losing legal title to their home as well as suffering
financial costs associated with the foreclosure, <u>id.</u> ¶ 36.

Defendants contest Plaintiffs' definition of "accepted
industry standard," asserting that the industry standard is
found in the Real Estate Settlement Procedures Act, 12 U.S.C.
§ 2605, at Regulation X, 12 C.F.R. § 1024.41.  Defs.' Mem. in
Supp. 7-8.  Defendants further argue that Plaintiffs cannot
prove a violation under Regulation X, and therefore fail to
state a claim.  However, this Court is required to analyze the
pending motion without resolving factual disputes, regardless of
any possible "'disbelief of [the] complaint's factual
allegations.'" <u>Iqbal</u>, 556 U.S. at 696 (quoting <u>Neitzke v.</u>
<u>Williams</u>, 490 U.S. 319, 327 (1989)).  There is a factual dispute
about what constitutes the "accepted industry standard," and

therefore such determination cannot be made by the Court when ruling on a Rule 12(b)(6) motion. "A Rule 12(b)(6) motion tests the sufficiency of a complaint; it does not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (internal quotation marks omitted). As Plaintiffs' factual statements are presumed to be true at the motion to dismiss stage of the case, Kensington Volunteer Fire Dep't, 684 F.3d at 467, Plaintiffs have stated a plausible claim by alleging specific facts that, if true, satisfy each element of a breach of contract claim.

## D. Remedy of Rescission

Finally, Defendants allege that Plaintiffs fail to state a claim that justifies the equitable remedy of rescission of the foreclosure sale. The default remedy for breach of contract is an award of damages. United States v. Winstar Corp., 518 U.S. 839, 885 (1996). A borrower may bring an action "for damages after the fact of the improper sale or to bar the improper sale in equity before it occurs." Mathews, 283 Va. at 731, 724 S.E.2d at 199.[8] In limited circumstances, Virginia law allows

---

[8] Prior to the Virginia Supreme Court's recent clarification, some courts, primarily relying on this earlier statement by the Virginia Supreme Court, found that Virginia law does not allow rescission of a foreclosure sale. Wegner v. Manufacturers & Traders Trust Co., No. 3:14-CV-851-JAG, 2015 WL 9200478, at *4 (E.D. Va. Dec. 16, 2015) ("Since damages are available to compensate a plaintiff for an improperly-conducted foreclosure sale, the Court finds rescission unavailable to [plaintiff]."); Foster v. Wells Fargo

courts to equitably set aside a foreclosure sale based upon the
facts of the case, such as when the sale to the foreclosure
purchaser is in material breach of the deed of trust between the
original purchaser and the note holder.  Parrish, 292 Va. at 44,
787 S.E.2d at 122 (quoting Smith v. Woodward, 122 Va. 356, 94
S.E. 916, 921 (1918)) ("[A] court of equity will not permit a
grantor in trust to be deprived of his property by an
unauthorized act of the trustee, and will set aside a sale and
conveyance where the trustee has exceeded the authority
conferred upon him, . . . especially where the purchaser has
notice.").

However, equitable relief through rescission of a contract
after the foreclosure sale "calls for the highest and most
drastic exercise of the power of a court of chancery—to annul
and set at naught the solemn contracts of parties."  Bonsal v.
Camp, 111 Va. 595, 595, 69 S.E. 978, 979 (1911).[9]  "If rescission
is granted, the contract is terminated for all purposes, and the

---

Bank, N.A., No. 3:14-CV-00017, 2014 WL 3965059, at *6-7 (W.D. Va. Aug. 13,
2014) (same).  However, the Virginia Supreme Court in Mathews did not state
that equitable relief was unavailable post-sale, only that damages were
available. See Mayo v. Wells Fargo Bank, N.A., 30 F. Supp. 3d 485, 498 (E.D.
Va. 2014), aff'd for the reasons stated by the Dist. Ct., 622 F. App'x 250
(4th Cir. 2015) ("In light of the Virginia precedents allowing the setting
aside of foreclosure sales in equity, the Court cannot conclude that the
statement in Mathews was meant to set aside that precedent without explicit
mention.").  In 2016, the Virginia Supreme Court seemed to clarify the state
of the law on this issue, noting that courts may grant equitable relief even
after a foreclosure sale.  Parrish, 292 Va. at 44, 787 S.E.2d at 122.

[9] The drastic nature of this action is most starkly brought into focus when a
good faith purchaser of the foreclosed property is involved.

parties are restored to the status quo ante." McLeskey v. Ocean Park Inv'rs, Ltd., 242 Va. 51, 54, 405 S.E.2d 846, 847 (1991). If the facts justify this drastic remedy and the court is able to substantially "restore the parties to the position which they occupied before they entered into the contract," rescission may be granted. Bonsal, 111 Va. at 595, 69 S.E. at 979; Devine v. Buki, 289 Va. 162, 173, 767 S.E.2d 459, 465 (2015) (holding in restoring parties to their pre-contract positions it is "immaterial" if the *status quo* cannot be literally restored as only the ability to substantially restore the parties is required).

This "drastic exercise" of the Court's power requires assertion of equitable grounds for relief or an assertion that the sale was conducted in material breach of the deed of trust. See Ramos, 289 Va. at 324 n*, 770 S.E.2d at 494 n* (listing equitable rationales for rescission as "fraud, collusion with the purchaser, and a foreclosure sale price of such 'gross inadequacy' that it 'shock[s] the conscience' of the court"); Squire, 287 Va. at 519, 758 S.E.2d at 61 (listing equitable rationales as an inadequacy of price "so gross as to shock the conscience" or "additional circumstances against its fairness"); Runion v. Helvestine, 256 Va. 1, 10, 501 S.E.2d 411, 416 (1998) (listing equitable rationales for rescission as "fraud, mistake, illegality, disability, concealment, [or] undue influence"). To

16

sufficiently allege facts that justify rescission, a plaintiff must:

> (1) identify with specificity the precise requirements in the deed of trust that he or she asserts constitute conditions precedent to foreclosure, (2) allege facts indicating that the trustee failed to substantially comply with them so that the power to foreclose did not accrue, and (3) allege that the foreclosure purchaser knew or should have known of the defect.

Parrish, 292 Va. at 44 n.5, 787 S.E.2d at 131 n.5 (citing Squire, 287 Va. at 515-18, 758 S.E.2d at 60-61). "A general allegation that the trustee breached the deed of trust [between the note holder and the original purchaser] is not sufficient" to justify the "drastic exercise" of a court's power to rescind a sale between the foreclosure purchaser and the note holder. Parrish, 292 Va. at 44 n.5, 787 S.E.2d at 131 n.5; Bonsal, 111 Va. at 595, 69 S.E. at 979.

Plaintiffs allege that Defendants sold Plaintiffs' home without legal authority because the sale was in breach of the Deed of Trust, an allegation that, if true, constitutes an equitable rationale for setting aside a home foreclosure sale. Runion, 256 Va. at 10, 501 S.E.2d at 416. Plaintiffs specifically identify the precise requirement of the Deed of Trust that was a condition precedent to foreclosure: the implementation of a loan servicing program in accordance with accepted industry standards. Am. Compl. ¶¶ 10-12. Next, Plaintiffs allege that the trustee, White, acting as an agent

for Wells Fargo, failed to substantially comply with the deed of trust terms when Wells Fargo engaged in dual track foreclosure in violation of accepted industry standards, "so that the power to foreclose did not accrue." Id. ¶¶ 13-20; Parrish, 292 Va. at 44 n.5, 787 S.E.2d at 131 n.5 (noting that the power to foreclose may not accrue when a trustee has failed to substantially comply with the terms of the deed of trust). Finally, Plaintiffs allege that the foreclosure purchaser knew of the defect because Defendant Wells Fargo made the high bid at the foreclosure auction, purchasing the home for "an amount significantly less than the actual value of the home." Am. Compl. ¶ 25. As Plaintiffs' Amended Complaint alleges a ground for equitable remedy (illegality of sale) and meets the Parrish three-part test, Plaintiffs have alleged a claim for rescission of the foreclosure sale.

### E. Request for a Jury Trial

Finally, Plaintiffs request a jury trial, citing to Virginia Code § 55-153, which provides that a jury may try any issue of fact in an equitable action to remove a cloud on title to real estate that "but for this section" would have been able to be tried by jury. Va. Code § 55-153. Both parties agree that this code section does not directly apply because Plaintiffs are not out of possession of the property. Am. Compl. ¶ 40; Defs.' Mem. in Supp. 11. Plaintiffs argue,

however, that the rationale of the statute should apply here, allowing Plaintiffs the opportunity to try their case to a jury. Am. Compl. ¶ 40, 42.   Defendants argue that Plaintiffs are not entitled to a jury trial because rescission is an equitable remedy, and therefore ask the Court to strike the Plaintiffs' request for rescission of the foreclosure sale.   Defs.' Mem. in Supp. 11.

Federal procedural rules, not Virginia procedural rules, control whether Plaintiffs have a right to a jury trial.   The Rules Enabling Act authorizes "general rules of practice and procedure" for cases in Federal courts, as long as such rules do "not abridge, enlarge or modify any substantive right."   28 U.S.C. § 2072.   The "general rule[] of practice and procedure" applicable here is Federal Rule of Civil Procedure 38, which addresses the right of the parties to trial by jury in the Federal courts.   It provides that: "The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate."   Fed. R. Civ. P. 38(a).   The Seventh Amendment right to a jury trial "in Suits at common law," U.S. Const. amend. VII, includes a right to a jury on all legal claims, regardless of whether those claims are joined with equitable claims in a single case.   Ross v. Bernhard, 396 U.S. 531, 537-38 (1970). There is no right to a jury on claims that historically were

19

tried in courts of equity. Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n, 430 U.S. 442, 459 (1977). At common law, breach of contract and damages were decided by jury, while equitable remedies, such as specific performance, were decided by courts of equity. Id.; see Plant v. Merrifield Town Ctr. Ltd. P'ship, 711 F. Supp. 2d 576, 597 (E.D. Va. 2010) ("[If] plaintiffs only seek equitable rescission, they are not entitled to a jury trial.").

Plaintiffs request equitable relief through rescission of the foreclosure sale and compensatory damages for the losses they have suffered as a result of the allegedly wrongful foreclosure sale. As Plaintiffs may join both equitable and legal requests for relief in a single case, Fed. R. Civ. P. 2, and the requests for relief are not duplicative, Artis v. Norfolk & W. Ry. Co., 204 F.3d 141, 143 (4th Cir. 2000) (noting that a plaintiff may not receive a double recovery for a single injury), Plaintiffs have alleged sufficient facts for a jury trial on the legal issue of damages, with the equitable remedy of contract rescission being properly a judgment for the Court. See Ross, 396 U.S. at 537–38.

Therefore, for the above reasons, Plaintiffs have sufficiently pled a breach of contract claim and Defendants' Motion to Dismiss is DENIED.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' Motion to Dismiss Plaintiffs' Complaint.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

                       /s/

                       Mark S. Davis
           UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 15 , 2016